**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

Universal Protein Supplements Corporation d/b/a
Universal Nutrition

                          Plaintiff,                      Case No.

      vs.

Universal Nutrients, LLC

                          Defendant.

---

## COMPLAINT

Plaintiff Universal Protein Supplements Corporation d/b/a Universal Nutrition brings this action for trademark infringement and related claims against Defendant Universal Nutrients, LLC, and alleges as follows:

### THE PARTIES

1.    Universal Protein Supplements Corporation, incorporated in 1980, is one of the leading providers of sports nutrition products in the United States. Since at least as early as 1993, it has been registered to do business as Universal Nutrition. Universal Nutrition is a New Jersey corporation with a primary place of business located at 3 Terminal Road, New Brunswick, New Jersey 08901.

2.    Upon information and belief, Universal Nutrients, LLC, is a Texas limited liability company with a primary place of business located at 14801 Sovereign Road, Fort Worth, Texas 76155.

### JURISDICTION AND VENUE

3.    This Court has jurisdiction over Universal Nutrition's United States federal claims pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over the remaining claims

under 28 U.S.C. § 1367.

4.      Jurisdiction in the Northern District of Texas is proper over Universal Nutrients because Universal Nutrients is located in this district, transacts business in the district and/or has engaged in activities that subject Universal Nutrients to the jurisdiction of this Court.

5.      Venue in the Northern District of Texas is proper pursuant to 28 U.S.C. § 1391 because Universal Nutrients is located in this district, transacts business in the district, the claims arose in the district, and a substantial part of the injury is felt in the district.

## ALLEGATIONS COMMON TO ALL COUNTS

**The Trademarks at Issue**

6.      Since its creation more than 30 years ago, Universal Nutrition has become one of the leading providers of sports nutrition health products and nutritional supplements in the world. It manufactures these products both for sale as its own branded products and on behalf of other private label sellers. Universal Nutrition owns trademark registrations for UNIVERSAL NUTRITION and UNIVERSAL NUTRITION & Design in the United States, the European Union, and numerous other foreign countries. The United States registrations set forth below will be referred to collectively as the "UNIVERSAL Marks" and copies of these registrations are attached as Exhibit A. These registrations cover dietary food supplements and nutritional supplements in International Class 5 and/or other related goods and services in International Classes 29, 30, and 35, among others.

7.      Universal Nutrition is the exclusive owner of all rights, title and interest to the UNIVERSAL Marks for use in connection with supplements, namely dietary food supplements, dietary supplements, food supplements, herbal supplements, meal replacement and dietary

supplements, mineral supplements, nutritional supplements, nutritional supplement drink mix, vitamin and mineral supplements, vitamin supplements, and meal replacement bars.

8.      Based upon its continuous use of the mark since at least 1983, Universal Nutrition obtained United States Trademark Registration No. 3,020,559 for UNIVERSAL NUTRITION in class 5 in 2005. This registration has now become incontestable in accordance with Section 15 of the Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1065.

9.      Based upon its continuous use of the mark since at least 1993, Universal Nutrition obtained United States Trademark Registration No. 3,020,560 for UNIVERSAL NUTRITION used in connection with soy-based food bars and protein-based, nutrient-dense snack bars in class 29 in 2005. This registration has now become incontestable in accordance with Section 15 of the Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1065.

10.     Based upon its continuous use of the mark since at least 2001, Universal Nutrition obtained United States Trademark Registration No. 3,020,562 for UNIVERSAL NUTRITION used in connection with chocolate-based ready-to-eat food bars and rice cakes in class 30 in 2005. This registration has now become incontestable in accordance with Section 15 of the Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1065.

11.     Based upon its continuous use of the mark since at least 1997, Universal Nutrition obtained United States Trademark Registration No. 3,020,563 for UNIVERSAL NUTRITION used in connection with on-line retail store services featuring health and diet-related products in class 35 in 2005. This registration has now become incontestable in accordance with Section 15 of the Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1065.

12.     Based upon its continuous use of the mark since at least 1997, Universal Nutrition obtained United States Trademark Registration No. 3,447,934 for UNIVERSAL NUTRITION and Design used in connection with on-line retail store services featuring health and diet-related products in class 35 in 2008. The registered design incorporates a red design of two curved/hooked symmetrical lines located to the left of the words universal and nutrition with universal located above the word nutrition as shown below:



This registration has now become incontestable in accordance with Section 15 of the Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1065.

13.     Based upon its continuous use of the mark since at least 1997, Universal Nutrition obtained United States Trademark Registration No. 3,443,959 for UNIVERSAL NUTRITION and Design used in connection with on-line retail store services featuring health and diet-related products in class 35 in 2008. The registered design incorporates a design of two curved/hooked symmetrical lines without claim as to color located to the left of the words "universal" and "nutrition" with "universal" located above the word "nutrition" as shown below:



This registration has now become incontestable in accordance with Section 15 of the Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1065.

14.     Since at least as early as 1998, Universal Nutrition has been the owner of universalnutrition.com. Universal Nutrition is also the owner of related web domains such as universalusa.com and universal-zone.com.

15.     Universal Nutrition prominently displays its UNIVERSAL Marks in conjunction with its marketing, advertising, and sales of dietary supplements and nutrition products.

16.     Universal Nutrition has expended a great deal of time and financial resources to build up customer recognition and goodwill related to its name and trademarks in the United States. As a result, consumers in the sports nutrition and supplements industry recognize the UNIVERSAL Marks as a source identifier for Universal Nutrition products and as a symbol of Universal Nutrition's goodwill. Further, the UNIVERSAL Marks have become famous in the minds of the relevant trade and public in the United States.

17.     Universal Nutrition has vigilantly and successfully policed and enforced its exclusive rights so as to prevent unauthorized use of the UNIVERSAL Marks by competitors.

18.     Universal Nutrition used its UNIVERSAL Marks in connection with its goods identified above, prior to any use by Universal Nutrients of the name Universal Nutrients or logo.

19.     Based upon its use of the UNIVERSAL Marks for approximately 30 years, Universal Nutrition's rights in its UNIVERSAL Marks as used in connection with nutritional and dietary supplements are superior to Universal Nutrient's rights in the Universal Nutrients trade name and logo.

**The Infringement**

20.     On June 9, 2014, Universal Nutrients filed a trademark application on the basis that it had an intent to use the following mark with dietary and nutritional supplements and drug delivery agents:



21.     The United States Patent and Trademark Office mailed an Office Action on September 21, 2014, refusing to register the mark for a number of reasons. In particular, the USPTO cited to, and enclosed with its refusal, registered marks owned by Universal Nutrition (Registration Nos. 3,020,559; 3,443,959; and 3,020,563). The Office Action explained that NUTRIENTS and NUTRITION are similar and, in fact, are synonymous in meaning. The Office

Action concluded that the design of the applied for mark is similar to the UNIVERSAL NUTRITION and Design mark as both designs contain two curved/hooked symmetrical lines placed to the left of the wording. The identified goods and services for which Universal Nutrients intended to use its mark (dietary and nutritional supplements and drug delivery agents in the form of tablets that provide controlled release of the active ingredients for a wide variety of pharmaceuticals) were determined to be identical to Universal Nutrition's goods and similar to its services. Thus, registration of the trademark application was refused because the proposed mark was likely to cause customer confusion with Universal Nutrition's registered marks.

22.     Universal Nutrients did not respond to the USPTO's Office Action. Instead, its trademark application was abandoned.

23.     Despite being advised by the USPTO of Universal Nutrition's prior rights and the likelihood of confusion with Universal Nutrition's registered marks that would result from use of the Universal Nutrients name and logo, Universal Nutrients launched its business using the infringing name.

24.      Upon information and belief, Universal Nutrients published a website at universalnutrients.com and universalnutrient.com on or about October, 2014.

25.     Universal Nutrients describes itself as a full-service manufacturing facility for nutraceuticals, over the counter pharmaceuticals, and dietary supplements. *See* Ex. B.

26.     Universal Nutrients adopted a logo design that incorporates two curved/hooked symmetrical lines located to the left of the words "universal" and "nutrients" with "universal" located above the word "nutrients" as shown below:



27.     In disregard of Universal Nutrition's exclusive rights, Universal Nutrients selected a trade name, domain names, and logo that are designed to trade upon the valuable goodwill and business reputation associated with the UNIVERSAL Marks.

28.     Universal Nutrients marks the products that it manufactures with the name Universal Nutrients and identifies itself as either manufacturer or distributor of the product.

29.     Both Universal Nutrition and Universal Nutrients are registered to attend the Vitamin, Diet, & Sports Nutrition convention January 10-14, 2016, where they will be available to meet with potential customers. Universal Nutrition will be irreparably harmed if Universal Nutrients attends the convention using its current name, which is likely to cause consumer confusion.

30.     Universal Nutrients' adoption and use of the trade name, domain names, and logo are likely to cause confusion, mistake, or deception as to the source, association, affiliation, or sponsorship of the infringing products and services offered by Universal Nutrients. Ordinary consumers will mistakenly believe that Defendant's goods and services are manufactured, distributed, owned, sponsored, or approved by Universal Nutrition.

**COUNT I: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**

31.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Universal Nutrition is the exclusive owner of the UNIVERSAL Marks as set forth above.

33.     Universal Nutrients uses, in commerce and without authorization, Universal Nutrition's UNIVERSAL Marks or confusingly similar marks with competitive, identical, or closely related products and services to those sold by Universal Nutrition under the UNIVERSAL Marks.

34.     Universal Nutrients' unauthorized use in commerce of the UNIVERSAL Marks is likely to cause confusion, to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Universal Nutrients with Universal Nutrition. The consuming public is likely to believe that Defendant's products and services originate with Universal Nutrition, are licensed, sponsored or approved by Universal Nutrition, or are in some way connected with or related to Universal Nutrition in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

35.     Universal Nutrients was on constructive notice of Universal Nutrition's UNIVERSAL Marks by virtue of Universal Nutrition's federal trademark registrations.

36.     In addition, Universal Nutrients had actual notice of Universal Nutrition's UNIVERSAL Marks at least because Universal Nutrition contacted Defendant and requested that it cease use of the UNIVERSAL Marks.

37.     In addition, Universal Nutrients had actual notice of Universal Nutrition's UNIVERSAL Marks at least since the time the USPTO refused its application for UNIVERSAL

NUTRIENTS and Design, by issuing an Office Action citing Universal Nutrition's trademark registrations for UNIVERSAL NUTRITION and UNIVERSAL NUTRITION and Design.

38.     Universal Nutrition has no control over the nature and quality of the products and services sold or advertised by Defendant. Any failure, neglect, or deficiencies by the Defendant in providing such products and services will reflect adversely on Universal Nutrition as the believed source or origin thereof, thereby hampering efforts by Universal Nutrition to continue to protect its outstanding reputation for high quality products and services, and could result in the loss of sales, all to the irreparable injury of Universal Nutrition. Defendant's activities will continue to cause irreparable injury and damage unless restrained by this Court.

39.     Universal Nutrition has no adequate remedy at law for Defendant's violations of 15 U.S.C. § 1114.

40.     In addition, upon information and belief, Defendant's use of the UNIVERSAL Marks is willful and malicious and accordingly, Universal Nutrition is entitled to treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

41.     The goodwill and reputation of Universal Nutrition's business in connection with its trademarks are of significant value and Universal Nutrition will suffer irreparable injury should this Court allow Defendant's use to continue to the detriment of Universal Nutrition's trade reputation and goodwill. Because this irreparable injury cannot be adequately calculated or compensated solely by monetary damages, Plaintiff seeks preliminary and permanent injunctive relief pursuant 15 U.S.C. § 1116.

42.     Defendant's activities and conduct have harmed and continue to harm Universal Nutrition. Accordingly, Universal Nutrition is entitled to recover its damages, Defendant's profits received as a result of the infringing activities and conduct, and the costs of bringing this action pursuant to 15 U.S.C. § 1117.

## COUNT II: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

43.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     Defendant's unauthorized use of the UNIVERSAL Marks in connection with the sale of products and services constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Universal Nutrition, or as to the origin, sponsorship, or approval of Defendant's products and services by Universal Nutrition in violation of 15 U.S.C. § 1125(a)(1)(A).

45.     Upon information and belief, Defendant's past and continued activities and conduct have been willful and deliberate, knowingly and intentionally designed to trade upon the significant goodwill of Universal Nutrition's UNIVERSAL Marks, to cause confusion or mistake, and to deceive the public as to the source or origin of the Defendant's products and services.

46.     Universal Nutrition has no control over the nature and quality of the products and services manufactured, sold, or advertised by Defendant. Any failure, neglect, or deficiencies by the Defendant in providing such products and services will reflect adversely on Universal

Nutrition as the believed source or origin thereof, thereby hampering efforts by Universal Nutrition to continue to protect its outstanding reputation for high quality products and services, resulting in the loss of sales, all to the irreparable injury of Universal Nutrition. Defendant's activities will continue to cause irreparable injury and damage unless restrained by this Court.

47.    Universal Nutrition has no adequate remedy at law for Defendant's violations of 15 U.S.C. § 1125(a).

48.    Defendant's activities and conduct have harmed and continue to harm Universal Nutrition. Accordingly, Universal Nutrition is entitled to recover its damages, as well as Defendant's profits received as a result of those activities and conduct, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

49.    The goodwill and reputation of Universal Nutrition's business in connection with its trademarks are of significant value and Universal Nutrition will suffer irreparable injury should this Court allow Defendant's use to continue to the detriment of Universal Nutrition's trade reputation and goodwill. Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, Plaintiff seeks preliminary and permanent injunctive relief pursuant 15 U.S.C. § 1116.

50.    Defendant's activities and conduct have harmed and continue to harm Universal Nutrition. Accordingly, Universal Nutrition is entitled to recover its damages, Defendant's profits received as a result of the infringing activities and conduct, and the costs of bringing this action pursuant to 15 U.S.C. § 1117.

## COUNT III: DILUTION

51.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.     The UNIVERSAL Marks are a collection of distinctive marks that have been in use for many years and have achieved widespread public recognition.

53.     As a result of Universal Nutrition's more than thirty years of use and promotion of the UNIVERSAL Marks, those marks have become famous within the meaning of 15 U.S.C. § 1125(c) in the relevant marketplace. Universal Nutrition's promotion of its products and services under the UNIVERSAL Marks have been substantial and extensive.

54.     Defendant began using the UNIVERSAL Marks after they had become distinctive and famous.

55.     Defendant's unauthorized use of the UNIVERSAL Marks constitutes a commercial use in commerce and dilutes the distinctive quality of Plaintiff's famous UNIVERSAL Marks. Upon information and belief, Defendant willfully intended to trade on Plaintiff's reputation and to cause the dilution of the UNIVERSAL Marks in violation of the Lanham Act 15 U.S.C. § 1125(c).

56.     Universal Nutrition has no control over the nature and quality of the products and services manufactured, sold, or advertised by Defendant. Any failure, neglect, or deficiencies by the Defendant in providing such products and services will reflect adversely on Universal Nutrition as the believed source or origin thereof, thereby hampering efforts by Universal Nutrition to continue to protect its outstanding reputation for high quality products and services, and could result in the loss of sales, all to the irreparable injury of Universal Nutrition.

Defendant's activities will continue to cause irreparable injury and damage unless restrained by this Court.

57.     Universal Nutrition has no adequate remedy at law for Defendant's violations of 15 U.S.C. § 1125(a).

58.     Defendant's activities and conduct have harmed and continue to harm Universal Nutrition. Accordingly, Universal Nutrition is entitled to recover its damages, as well as Defendant's profits received as a result of those activities and conduct, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

59.     The goodwill and reputation of Universal Nutrition's business in connection with its trademarks are of significant value and Universal Nutrition will suffer irreparable injury should this Court allow Defendant's use to continue to the detriment of Universal Nutrition's trade reputation and goodwill. Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, Plaintiff seeks preliminary and permanent injunctive relief pursuant 15 U.S.C. § 1116.

60.     Defendant's activities and conduct have harmed and continue to harm Universal Nutrition. Accordingly, Universal Nutrition is entitled to recover its damages, Defendant's profits received as a result of the infringing activities and conduct, and the costs of bringing this action pursuant to 15 U.S.C. § 1117.

### COUNT IV: VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

61.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     On information and belief, Universal Nutrients registered the website domains universalnutrients.com and universalnutrient.com in bad faith and intending to profit from the use of the UNIVERSAL Marks by using domain names that are identical, confusingly similar, and/or dilutive of Universal Nutrition's distinctive or famous trademarks in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

63.     Universal Nutrients has no bona fide intellectual property rights in the domain names, except to tread on Universal Nutrition's goodwill and superior reputation. Defendants have no prior use of the domain name in connection with any bona fide offering of any goods or services other than those that are unlawfully associated with Universal Nutrition.

64.     Upon information and belief, Universal Nutrients uses the identified domain names intentionally to divert customers from Universal Nutrition's online location. This use harms the goodwill represented by the UNIVERSAL Marks for Universal Nutrients' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

65.     Upon information and belief, Universal Nutrients' past and continued activities have been willful and deliberate, knowingly and intentionally designed to trade upon the significant goodwill of the UNIVERSAL Marks, to cause confusion or mistake, and to deceive the public as to the source or origin of its goods and services.

66.     Universal Nutrition has no adequate remedy at law for Universal Nutrients' violations of 15 U.S.C. § 1125(d).

67.     Universal Nutrients' acts constitute unlawful cybersquatting. The goodwill and reputation of Universal Nutrition's business in connection with its trademarks are of significant value and Universal Nutrition will suffer irreparable harm should this Court allow Universal Nutrients' infringement to continue to the detriment of Universal Nutrition's trade reputation and goodwill. Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116. In addition, pursuant to 15 U.S.C. § 1117(d), Plaintiff is entitled to statutory damages of $100,000 per domain name.

## COUNT V: INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION, TEX. BUS. & COMM. CODE § 16.103

68.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     The UNIVERSAL Marks are famous within the meaning of Section 16.103(b) of the Texas Business and Commerce Code.

70.     Universal Nutrients began using the UNIVERSAL Marks after those marks became distinctive and famous.

71.     The similarity between the UNIVERSAL Marks and the mark used by Universal Nutrients gives rise to an association between the marks.

72.     The association between the UNIVERSAL Marks and the mark used by Universal Nutrients has already diluted and is likely to continue to dilute the distinctiveness of the UNIVERSAL Marks by eroding the public's exclusive identification of the famous

UNIVERSAL Marks with Universal Nutrition and otherwise lessening the capacity of the UNIVERSAL Marks to identify and distinguish its goods and services.

73.     Universal Nutrients' unauthorized use of the UNIVERSAL Marks has diluted and will, unless enjoined, continue to dilute the distinctive quality of the UNIVERSAL Marks.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

74.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.     The foregoing acts of Universal Nutrients to use and benefit from the goodwill and reputation earned by Universal Nutrition and to obtain a ready customer acceptance of Universal Nutrients' products and services constitute unfair competition, palming off, and misappropriation in violation of Texas common law, for which Universal Nutrition is entitled to recover any and all remedies provided by such common law.

76.     On information and belief, Universal Nutrients has made and will continue to make profits and gains to which it is not entitled in law or equity.

77.     On information and belief, Universal Nutrients intends to continue its infringing acts unless restrained by this Court.

78.     Universal Nutrients' acts have damaged and will continue to damage Universal Nutrition and Universal Nutrition has no adequate remedy at law.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff Universal Protein Supplements Corporation d/b/a Universal Nutrition respectfully requests that judgment be entered in its favor and against Defendant Universal Nutrients, LLC, such judgment providing:

A.　　Judgment be entered in favor of Universal Nutrition and against Defendant as to each of the above counts;

B.　　Defendant pay damages incurred by Universal Nutrition as a result of Defendant's infringement and unfair competition, including in the case of Defendant's violation of 15 U.S.C. § 1125(a), and treble damages or treble profits, whichever is greater;

C.　　Pursuant to 15 U.S.C. § 1117, that Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

　　　　　1. all profits received by Defendants from sales and revenues of any kind made as a result of its actions; and

　　　　　2. pursuant to 15 U.S.C. § 1117(d), statutory damages of $200,000, the equivalent of $100,000 per domain name.

D.　　The Court issue a preliminary injunction restraining, enjoying, and prohibiting Defendant and any of its officers, directors, agents, employees, representatives, successors, assigns, attorneys, licensees, distributors, and all persons in active concert or participation with Defendant to be enjoined from directly or indirectly using the UNIVERSAL Marks or any confusingly similar designations, alone or in combination with other words, as trademark, service mark, domain name, or trade name to identify, market, distribute, advertise, promote, offer for sale, or provide infringing products or any related goods or services; otherwise

infringing or diluting the UNIVERSAL Marks; and continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause Defendant's goods to be mistaken for, confused with, or passed off as Universal Nutrition's goods.

      E.     The Court issue a permanent injunction prohibiting Defendant from directly or indirectly infringing the UNIVERSAL Marks and in any manner unfairly competing with Universal Nutrition and from inducing or contributing to or participating in any such acts referred to in Paragraph D;

      F.     The Court issue a preliminary and permanent injunction prohibiting Defendant from directly or indirectly using the UNIVERSAL Marks in any manner unfairly competing with Universal Nutrition, including in any such acts referred to in Paragraph D, specifically with respect to the Vitamin, Diet & Sports Nutrition event scheduled for January 10 – 14, 2016, and the Court require Defendant immediately to cease all such activities utilizing the UNIVERSAL Marks in preparation for the Vitamin, Diet & Sports Nutrition event;

      G.     Defendant be required to deliver up for destruction all goods, signs, packaging, literature, advertising, and other materials bearing the UNIVERSAL Marks or any confusing similar name or mark or colorable imitation thereof and transfer the website domains universalnutrient.com and universalnutrients.com to Universal Nutrition;

      H.     Defendant be ordered to pay costs of this action, including attorney's fees, incurred by Universal Nutrition in connection with Defendant's unlawful acts;

      I.     Awarding punitive and exemplary damages as the Court finds appropriate;

J.      Declaring that this is an exceptional case and awarding attorneys' fees to Universal Nutrition;

K.      Awarding interest, including prejudgment and post-judgment interest, on the foregoing sums; and

L.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims that may be tried before a jury.

November 12, 2015                    BY:  PLAINTIFF UNIVERSAL PROTEIN
                                          SUPPLEMENTS CORPORATION
                                     Its trademark counsel:

                                     /s/ Julianne Hartzell
                                     Julianne M. Hartzell (IL Bar No. 6275093)
                                     Maureen Beacom Gorman (IL Bar No. 6239439)
                                     Tiffany D. Gehrke (IL Bar No. 6299836)
                                     Marshall, Gerstein & Borun LLP
                                     233 South Wacker Drive
                                     6300 Willis Tower
                                     Chicago, IL  60606-6357
                                     Telephone: (312) 474-6300
                                     Fax: (312) 474-0448
                                     Email: jhartzell@marshallip.com
                                     Email: mgorman@marshallip.com
                                     Email: tgehrke@marshallip.com

                                     Its local counsel:

                                     /s/ Kelly J. Kubasta
                                     Kelly J. Kubasta (TX Bar No. 24002430)
                                     John M. Cone (TX Bar No. 04660100)
                                     Ferguson, Braswell & Fraser, PC
                                     2500 Dallas Parkway
                                     Suite 501
                                     Plano, Texas 75093
                                     Telephone: (972) 378-9111
                                     Fax: (972) 378-9115
                                     Email: kkubasta@dallasbusinesslaw.com
                                     Email: jcone@dallasbusinesslaw.com